Robert W. Norman, Jr. (SBN 025328)
Christopher R. Blevins (SBN 025371)
HOUSER & ALLISON
A Professional Corporation
9970 Research Drive
Irvine, California 92618
Telephone:   (949) 679-1111
Facsimile:  (949) 679-1112
Email:  cblevins@houser-law.com

Attorneys for Defendant,
Ocwen Loan Servicing, LLC

# UNITED STATES DISTRICT COURT

## DISTRICT OF ARIZONA

| | |
|---|---|
| David C. Henry; and Janet A. Henry,<br><br>            Plaintiffs,<br><br>v.<br><br>Saxon Mortgage, Inc.; Ocwen Mortgage Company, LLC; Trans Union LLC; Experian Information Solutions, Inc.; Equifax Information Services, LLC;<br><br><br>            Defendants. | Case No.:    2:10-cv-02551-JAT<br><br>Judge:       Hon. James A. Teilborg<br><br><br>**DEFENDANT OCWEN LOAN SERVICING, LLC'S ANSWER TO PLAINTIFFS' COMPLAINT** |

   NOW COMES Defendant Ocwen Loan Servicing, LLC, erroneously sued as Ocwen Mortgage Company, LLC, ("Ocwen") and for its response to Plaintiff's Complaint states as follows:

## ANSWER

   In answering the Complaint, Ocwen Loan Servicing, LLC, states that it is

responding to allegations on behalf of itself only, even where the allegations pertain to conduct by all Defendants.  Ocwen Loan Servicing, LLC, denies any and all allegations contained in the headings and/or unnumbered paragraphs in the Complaint.  In response to the specific allegations in the enumerated paragraphs in the Complaint, Ocwen Loan Servicing, LLC, responds as follows:

## PRELIMINARY STATEMENT

1.  Ocwen denies liability to Plaintiffs for any alleged violations of the federal Fair Debt Collection Practices Act ("FDCPA") or federal Fair Credit Reporting Act ("FCRA").  Ocwen is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in Paragraph 1 of Plaintiffs' Complaint.

## JURISDICTION

2.  To the extent Plaintiff can maintain this action which Ocwen denies, jurisdiction is proper in this Court.  Ocwen is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in Paragraph 2 of Plaintiffs' Complaint.

## PARTIES

3.  Ocwen is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 3 of Plaintiffs' Complaint.

4.  Ocwen is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 4 of Plaintiffs' Complaint.

5.  Ocwen is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 5 of Plaintiffs' Complaint.

6.  Ocwen is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 6 of Plaintiffs' Complaint.

7.  Ocwen is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 7 of Plaintiffs' Complaint.

8.  Ocwen is without knowledge or information sufficient to form a belief as

to the truth of the allegations contained in Paragraph 8 of Plaintiffs' Complaint.

9.     Ocwen is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 9 of Plaintiffs' Complaint.

10.     Ocwen is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 10 of Plaintiffs' Complaint.

11.     Ocwen admits that Ocwen Loan Servicing, LLC, is a is a limited liability company organized under the laws of the State of Delaware conducting business within the state of Arizona.  Ocwen denies the remaining allegations contained in Paragraph 11 of Plaintiffs' Complaint.

12.     In response to the allegations contained in Paragraph 12 of Plaintiffs' Complaint, Ocwen states that it is a loan servicer.   Ocwen denies the remaining allegations contained in Paragraph 12 of Plaintiffs' Complaint.

13.     Ocwen denies the allegations contained in Paragraph 13 of Plaintiffs' Complaint.

14.     Ocwen denies the allegations contained in Paragraph 14 of Plaintiffs' Complaint.

15.     Ocwen admits the allegations contained in Paragraph 15 of Plaintiffs' Complaint.

16.     Ocwen is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 16 of Plaintiffs' Complaint.

17.     Ocwen is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 17 of Plaintiffs' Complaint.

18.     Ocwen is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 18 of Plaintiffs' Complaint.

19.     Ocwen is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 19 of Plaintiffs' Complaint.

20.     Ocwen is without knowledge or information sufficient to form a belief as

to the truth of the allegations contained in Paragraph 20 of Plaintiffs' Complaint.

21.    Ocwen is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 21 of Plaintiffs' Complaint.

22.    Ocwen is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 22 of Plaintiffs' Complaint.

23.    Ocwen is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 23 of Plaintiffs' Complaint.

24.    Ocwen is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 24 of Plaintiffs' Complaint.

25.    Ocwen is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 25 of Plaintiffs' Complaint.

## FACTUAL ALLEGATIONS

26.    Ocwen admits the allegations contained in Paragraph 26 of Plaintiffs' Complaint.

27.    Ocwen is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 27 of Plaintiffs' Complaint.

28.    Ocwen is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 28 of Plaintiffs' Complaint.

29.    Ocwen is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 29 of Plaintiffs' Complaint.

30.    Ocwen is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 30 of Plaintiffs' Complaint.

31.    Ocwen is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 31 of Plaintiffs' Complaint.

32.    Ocwen is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 32 of Plaintiffs' Complaint.

33.    Ocwen is without knowledge or information sufficient to form a belief as

to the truth of the allegations contained in Paragraph 33 of Plaintiffs' Complaint.

34.     Ocwen is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 34 of Plaintiffs' Complaint.

35.     Ocwen admits the allegation contained in Paragraph 35 of Plaintiffs' Complaint.

36.     Ocwen is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 36 of Plaintiffs' Complaint.

37.     Ocwen is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 37 of Plaintiffs' Complaint.

38.     Ocwen is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 38 of Plaintiffs' Complaint.

39.     Ocwen is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 39 of Plaintiffs' Complaint.

40.     Ocwen is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 40 of Plaintiffs' Complaint.

41.     The allegations contained in paragraph 41 of Plaintiffs' Complaint purport to characterize a document which speaks for itself and no response is required.  To the extent a response is required, Ocwen is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 41 of Plaintiffs' Complaint.

42.     The allegations contained in paragraph 42 of Plaintiffs' Complaint purport to characterize a document which speaks for itself and no response is required.  To the extent a response is required, Ocwen is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 42 of Plaintiffs' Complaint.

43.     Ocwen denies the allegations contained in Paragraph 43 of Plaintiffs' Complaint.

44.     The allegations contained in paragraph 44 of Plaintiffs' Complaint purport to characterize a document which speaks for itself and no response is required.  To the extent a response is required, Ocwen denies the allegations contained in Paragraph 44 of Plaintiffs' Complaint.

45.     Ocwen denies the allegations contained in Paragraph 45 of Plaintiffs' Complaint.

46.     The allegations contained in paragraph 46 of Plaintiffs' Complaint purport to characterize a document which speaks for itself and no response is required.  To the extent a response is required, Ocwen is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 46 of Plaintiffs' Complaint.

47.     The allegations contained in paragraph 47 of Plaintiffs' Complaint purport to characterize a document which speaks for itself and no response is required.  To the extent a response is required, Ocwen is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 47 of Plaintiffs' Complaint.

48.     The allegations contained in paragraph 48 of Plaintiffs' Complaint purport to characterize a document which speaks for itself and no response is required.  To the extent a response is required, Ocwen is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 48 of Plaintiffs' Complaint.

49.     Ocwen denies the allegations contained in Paragraph 49 of Plaintiffs' Complaint.

50.     The allegations contained in paragraph 50 of Plaintiffs' Complaint purport to characterize a document which speaks for itself and no response is required.  To the extent a response is required, Ocwen is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 50 of Plaintiffs'

Complaint.

51.    The allegations contained in paragraph 51 of Plaintiffs' Complaint purport to characterize a document which speaks for itself and no response is required.  To the extent a response is required, Ocwen is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 51 of Plaintiffs' Complaint.

52.    The allegations contained in paragraph 52 of Plaintiffs' Complaint purport to characterize a document which speaks for itself and no response is required.  To the extent a response is required, Ocwen is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 52 of Plaintiffs' Complaint.

53.    The allegations contained in paragraph 53 of Plaintiffs' Complaint purport to characterize a document which speaks for itself and no response is required.  To the extent a response is required, Ocwen is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 53 of Plaintiffs' Complaint.

54.    The allegations contained in paragraph 54 of Plaintiffs' Complaint purport to characterize a document which speaks for itself and no response is required.

55.    In response to the allegations contained in Paragraph 55 of Plaintiffs' Complaint, Ocwen states that the August 6, 2010 letter provided a full response to Plaintiffs.  Ocwen denies the remaining allegations of Paragraph 55 of Plaintiffs' Complaint.

56.    Ocwen is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 56 of Plaintiffs' Complaint.

57.    Ocwen is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 57 of Plaintiffs' Complaint.

58.    Ocwen is without knowledge or information sufficient to form a belief as

to the truth of the allegations contained in Paragraph 58 of Plaintiffs' Complaint.

59.     Ocwen is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 59 of Plaintiffs' Complaint.

60.     Ocwen is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 60 of Plaintiffs' Complaint.

61.     Ocwen is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 61 of Plaintiffs' Complaint.

62.     Ocwen is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 62 of Plaintiffs' Complaint.

63.     Ocwen is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 63 of Plaintiffs' Complaint.

64.     Ocwen is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 64 of Plaintiffs' Complaint.

65.     Ocwen is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 65 of Plaintiffs' Complaint.

66.     Ocwen is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 66 of Plaintiffs' Complaint.

67.     Ocwen is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 67 of Plaintiffs' Complaint.

68.     Ocwen is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 68 of Plaintiffs' Complaint.

69.     Ocwen is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 69 of Plaintiffs' Complaint.

70.     Ocwen denies the allegations contained in Paragraph 70 of Plaintiffs' Complaint.

71.     Ocwen is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 71 of Plaintiffs' Complaint.

72.     Ocwen is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 72 of Plaintiffs' Complaint.

73.     Ocwen is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 73 of Plaintiffs' Complaint.

74.     Ocwen is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 74 of Plaintiffs' Complaint.

75.     Ocwen denies the allegations contained in Paragraph 75 of Plaintiffs' Complaint.

76.     Ocwen denies the allegations contained in Paragraph 76 of Plaintiffs' Complaint.

## CAUSES OF ACTION

### a. Fair Debt Collection Practice Act

77.     Ocwen restates and incorporates its answers and defenses to Paragraphs 1 through 76 herein.

78.     Ocwen denies the allegations contained in Paragraph 78 of Plaintiffs' Complaint.

79.     Ocwen denies the allegations contained in Paragraph 79 of Plaintiffs' Complaint.

### a.  [sic] Fair Credit Reporting Act

80.     Ocwen restates and incorporates its answers and defenses to Paragraphs 1 through 79 herein.

81.     Ocwen denies the allegations contained in Paragraph 81 of Plaintiffs' Complaint.

82.     Ocwen denies the allegations contained in Paragraph 82 of Plaintiffs' Complaint.

83.     Ocwen is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 83 of Plaintiffs' Complaint.

84.     Ocwen is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 84 of Plaintiffs' Complaint.

85.     Ocwen is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 85 of Plaintiffs' Complaint.

86.     Ocwen is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 86 of Plaintiffs' Complaint.

87.     Ocwen denies the allegations contained in Paragraph 87 of Plaintiffs' Complaint.

88.     Ocwen denies the allegations contained in Paragraph 88 of Plaintiffs' Complaint.

## DEMAND FOR JURY TRIAL

Ocwen admits Plaintiffs demand a jury trial.

## PRAYER FOR RELIEF

Ocwen denies that it is liable to Plaintiffs for any violations of the FDCPA, FCRA, state law or that Plaintiffs were damaged by any action or inaction of Ocwen. Any allegation contained in Plaintiffs' Complaint not heretofore specifically responded to by Ocwen is hereby denied.  Ocwen further denies that Plaintiffs are entitled to any relief set forth in their prayer for relief.

## AFFIRMATIVE DEFENSES

Without assuming the burden of proof where it otherwise rests with Plaintiff, Ocwen pleads the following defenses to the Complaint:

## FIRST AFFIRMATIVE DEFENSE

(Failure to State a Claim)

Plaintiffs' Complaint, and every purported claim therein, fails to allege facts sufficient to state a claim against Ocwen.  The complaint further fails to state facts sufficient to entitle the Plaintiffs to the relief sought, or to any relief whatsoever, from Ocwen.

### SECOND AFFIRMATIVE DEFENSE

(Bona Fide Error Defense)

Ocwen states that any alleged violation of the Fair Debt Collection Practices Act or Fair Credit Reporting Act was a bona fide error. Ocwen has and maintains procedures relating to such conduct to avoid the specific violation of which Plaintiffs complain. Ocwen contends that, at all times relevant hereto, it maintained reasonable practices and procedures to assure compliance and protect against the conduct alleged in the Complaint. As such, Ocwen has no liability for any alleged violation.

### THIRD AFFIRMATIVE DEFENSE

(Statute of Limitations)

The Complaint is barred by the applicable statutes of limitation, including but not limited to, 15 U.S.C. § 1681p.

### FOURTH AFFIRMATIVE DEFENSE

(Failure to Mitigate Damages)

Upon information and belief, Plaintiffs have failed to exercise reasonable care and diligence to avoid alleged losses and minimize damages and therefore may not recover for losses, which could have been prevented by reasonable efforts on his part or by expenditures that might reasonably have been made. Therefore, Plaintiffs' recovery, if any, should be reduced by the failure of Plaintiffs to mitigate their alleged damages.

### FIFTH AFFIRMATIVE DEFENSE

(Waiver, Estoppel, Laches)

Plaintiffs' actions as against Ocwen are barred by one or more of the doctrines of waiver, estoppel and/or laches.

### SIXTH AFFIRMATIVE DEFENSE

(Unclean Hands)

To the extent that Plaintiffs seek relief upon equitable principles, the relief sought may be barred by the doctrine of unclean hands.

///

## SEVENTH AFFIRMATIVE DEFENSE

### (Technicality)

Ocwen is informed and believes and thereon alleges that any alleged violations of the FDCPA and FCRA were merely technical, and should be excused as any injuries or damages were *de minimus*.

## EIGHTH AFFIRMATIVE DEFENSE

### (Acts of Third Parties)

Ocwen is not liable for the acts, omissions, or conduct of other persons or entities not authorized to act on behalf of Ocwen and Ocwen is not liable for the acts, omissions, or conduct of its agents who exceeded the scope of their authority.

## NINTH AFFIRMATIVE DEFENSE

### (Consent)

Plaintiffs have at all times given his consent, express or implied, to any conduct undertaken by Ocwen in connection with the collection of the subject account(s).

## TENTH AFFIRMATIVE DEFENSE

### (Contributory/Comparative Fault)

The Complaint is barred by the fault and negligence of other persons or entities and Plaintiffs' damages, if any, should be apportioned according to the principles of comparative fault.

## ELEVENTH AFFIRMATIVE DEFENSE

### (Qualified Privilege)

Ocwen's alleged acts and omissions, if any, respecting the subject matter alleged in Plaintiffs' Complaint, were undertaken in good faith with the absence of the intent, malicious or otherwise, to injure Plaintiffs, and constitute lawful, proper and justified means to further the contractual interests and business purposes of Ocwen.  Any purported alleged conduct of Ocwen, or employees, agents or individuals acting on Ocwen's behalf, is subject to a qualified privilege and Ocwen was justified in engaging in the conduct attributable to it.

///

**TWELFTH AFFIRMATIVE DEFENSE**

(Punitive Damages)

To the extent Plaintiff's Complaint seeks the imposition of punitive damages, Ocwen adopts by reference the defenses, criteria, limitations, standards and constitutional protections mandated or provided by the United States Supreme Court in the following cases:  <u>BMW v. Gore</u>, 517 U.S. 559, (1996); <u>Cooper Indus., Inc. v. Leatherman Tool Group, Inc.</u>, 532 U.S. 923 (2001); <u>State Farm v. Campbell</u>, 538 U.S. 408 (2003) and <u>SAFECO Insurance Co. of America v. Burr</u>, 551 U.S. 47, 127 S. Ct. 2201 (2007).

**THIRTEENTH AFFIRMATIVE DEFENSE**

(Punitive Damages)

Plaintiffs' Complaint does not allege facts sufficient to rise to the level of conduct required to recover punitive damages, and thus all requests for punitive damages are improper.  Further, Plaintiffs' claim for punitive damages is barred by the provisions of 15 U.S.C. § 1681n.

**FOURTEENTH AFFIRMATIVE DEFENSE**

(Conformance with Contracts and Applicable Law)

Ocwen complied with the Fair Debt Collection Practices Act and the Fair Credit Reporting Act and is entitled to each and every defense stated in the Acts and any and all limitations of liability.  Further, any and all conduct or activity by Ocwen alleged in Plaintiffs' Complaint conformed to any and all applicable contracts, statutes, codes, and regulations at all times relevant herein.

**FIFTEENTH AFFIRMATIVE DEFENSE**

(Qualified Immunity)

All claims against Ocwen are barred by the qualified immunity of 15 U.S.C. § 1681h(e).

///

///

///

## <u>SIXTEENTH AFFIRMATIVE DEFENSE</u>

(Unstated Affirmative Defenses)

Ocwen states that at this time it has insufficient knowledge or information on which to form a belief as to whether it may have additional, as yet unstated, affirmative defenses available.   NCI therefore reserves herein the right to assert additional affirmative defenses in the event that discovery indicates that they would be appropriate.

WHEREFORE, having fully answered or otherwise responded to the allegations contained in Plaintiffs' Complaint, Ocwen prays that:

1.     Plaintiffs' Complaint be dismissed in its entirety and with prejudice, with all costs taxed against Plaintiff;

2.     That Ocwen be dismissed as a party to this action;

3.     That this lawsuit be deemed frivolous and Ocwen recover from Plaintiffs its expenses of litigation, including but not limited to attorneys' fees pursuant to 15 U.S.C. § 1681n(c) and 15 U.S.C. § 1681o(b); and

4.     For such other and further relief as the Court deems just and proper.

Dated: <u>January 24, 2010</u>                    **HOUSER & ALLISON, APC**


 _/s/_  Christopher R. Blevins
Robert W. Norman, Jr.
Christopher R. Blevins
Attorneys for Defendant,
Ocwen Loan Servicing, LLC

## CERTIFICATE OF SERVICE

I hereby certify that on this 24th day of January, 2011, I electronically transmitted the attached document to the Clerk's Office using the CM/ECF System for filing, with a transmittal of a Notice of Electronic Filing to the following CM/ECF Registrants.

Floyd W. Bybee, Esq.
BYBEE LAW CENTER, PLC
2473 S. Higley Road
Suite 104-308
Gilbert, Arizona 85295-3023
*Attorneys for Plaintiffs*

Michael J. Coccaro
SNELL & WILMER, LLP
One Arizona Center
400 East Van Buren
Phoenix, AZ 85004-2202
*Attorneys for Defendant*
*EQUIFAX INFORMATION SERVICES,*
*LLC*

Philip R. Wooten
Philip R. Wooten PC
3413 E Equestrian Trl.
Phoenix, AZ 85044-3403
*Attorneys for Defendant*
*TransUnion LLC*

Jonathan Adam Dessaules
DESSAULES LAW GROUP
2700 North Central Avenue, Suite 1200
Phoenix, AZ 85004
*Attorneys for Defendant*
*Experian Information Solutions*
*Incorporated*

Katherine A. Klimkowski
JONES DAY
3161 Michelson Drive, Suite 800
Irvine, CA 92612
*Attorneys for Defendant*
*Experian Information Solutions*
*Incorporated*

/s/  Christopher R. Blevins
Christopher R. Blevins

15