Robert W. Norman, Jr. (SBN 025328)
Christopher R. Blevins (SBN 025371)
HOUSER & ALLISON
A Professional Corporation
9970 Research Drive
Irvine, California 92618
Telephone:   (949) 679-1111
Facsimile:  (949) 679-1112
Email:  cblevins@houser-law.com

Attorneys for Defendant,
Ocwen Loan Servicing, LLC

## UNITED STATES DISTRICT COURT
## DISTRICT OF ARIZONA

| | |
|---|---|
| David C. Henry; and Janet A. Henry,<br><br>　　　　　Plaintiffs,<br><br>v.<br><br>Saxon Mortgage, Inc.; Ocwen Mortgage Company, LLC; Trans Union LLC; Experian Information Solutions, Inc.; Equifax Information Services, LLC;<br><br>　　　　　Defendants. | Case No.:    2:10-cv-02551-JAT<br><br>Judge:       Hon. James A. Teilborg<br><br>**DEFENDANT OCWEN LOAN SERVICING, LLC'S MOTION TO DISMISS PLAINTIFFS' FIRST AMENDED COMPLAINT; MEMORANDUM OF POINTS AND AUTHORITIES**<br><br>**(Oral Argument Requested)** |

**TO ALL PARTIES AND THEIR COUNSEL OF RECORD**

PLEASE TAKE NOTICE THAT Defendant Ocwen Loan Servicing, LLC, erroneously sued as Ocwen Mortgage Company, LLC, ("Ocwen") files this Notice of Motion, Motion to Dismiss, and Memorandum of Points and Authorities and hereby moves this Court pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure for an order dismissing Plaintiffs David C. Henry and Janet A. Henry's First Amended Complaint with prejudice, because the Complaint fails as a matter of law.

Ocwen seeks an order from the Court dismissing Plaintiffs' causes of action against Ocwen for violation of the Fair Debt Collection Practices Act ("FDCPA") and the Fair Credit Reporting Act ("FCRA").  Plaintiffs have failed to state a claim upon which relief can be granted.

Dated: <u>June 13, 2011</u>                    **HOUSER & ALLISON, APC**


<u>/s/ Christopher R. Blevins</u>
Robert W. Norman, Jr.
Christopher R. Blevins
Attorneys for Defendant,
Ocwen Loan Servicing, LLC

## MEMORANDUM OF POINTS AND AUTHORITIES

## I.   INTRODUCTION

Plaintiffs David and Janet Henry (the "Henrys") owned the property located at 131 N. Buffalo St., Springville, New York (the "Property").  On or about June 28, 2004, the Henrys refinanced the Property with a loan (the "Loan") in the amount of $145,000.00 from Novastar Mortgage, Inc. ("Novastar").  After the Henrys defaulted on the Loan, they filed for Chapter 13 Bankruptcy.  (Bankr. Doc. 1)[1].  During the Bankruptcy, a settlement was reached between the Henrys, Novastar and the Bankruptcy Trustee to resolve the unrecorded Mortgage against the Property.  (Bankr. Doc. 129).  In the settlement agreement, the Henrys agreed to re-acknowledge the mortgage on the Property and execute a non-merger deed in lieu of foreclosure in favor of Novastar. (Bankr. Doc. 129 at 5).  On September 17, 2008, the Court entered its Chapter 13 Discharge.  (Bankr. Doc. 165).  On October 1, 2008, the successor to Novastar obtained a state court judgment declaring it was the holder of a first mortgage lien against the Property arising out of the Loan and Mortgage.  The Henrys now bring this lawsuit alleging violations of the Fair Debt Collection Practices Act ("FDCPA") and Fair Credit Reporting Act ("FCRA") arising out of alleged communications to the Henrys and credit reporting concerning the Loan after the execution of the deed in lieu and the bankruptcy discharge.

The Henrys' FDCPA claims fail because there is no "debt" alleged by the Henrys as defined by the FDCPA.  The Henrys' allege that the Loan was discharged in bankruptcy.  Without a personal obligation to pay the Loan as a result of the discharge, there can be no "debt" as defined by the FDCPA and no claims under the FDCPA.  Additionally, the Henrys' FDCPA and FCRA claims are precluded by the Bankruptcy Code.  Thus, the Henrys' claims fail.

/ / /

---

[1] Ocwen asks the Court to take judicial notice of the Henrys' Chapter 13 bankruptcy case, *In re Henry*, No. 2:06-bk-02937-EWH, in the United States Bankruptcy Court for the District of Arizona.  See Bennett v. Medtronic, Inc., 285 F.3d 801, 803 n.2 (9th Cir. 2002).

## II.  FACTUAL BACKGROUND

Plaintiffs David and Janet Henry (the "Henrys") owned the property located at 131 N. Buffalo St., Springville, New York (the "Property").  On or about June 28, 2004, the Henrys refinanced the Property with a loan (the "Loan") in the amount of $145,000.00 from Novastar Mortgage, Inc. ("Novastar").  The Henrys executed a mortgage (the "Mortgage") in connection with the Loan.  RJN, Exhibit 1.  Despite its delivery to the county recorder, the Mortgage was not recorded.  (Bankr. Doc. 129).  In or around April 2005, the Henrys defaulted on the Loan.  (Bankr. Doc. 129).  On January 25, 2006, Novastar instituted an action against the Henrys and other lienholders in Erie County, New York (the "New York Lawsuit") to establish the validity of the executed but unrecorded Mortgage and to permit for the recording of the Mortgage.  *Id*.

On September 15, 2006, the Henrys filed for Chapter 13 Bankruptcy Protection.  (Bankr. Doc. 1).  A dispute arose in the Bankruptcy concerning the unrecorded Mortgage, ultimately resulting in a settlement agreement between the Henrys, the Trustee and Novastar Mortgage, Inc.  (Bankr. Doc. 129).  In the settlement agreement, the Henrys agreed to re-acknowledge the mortgage on the Property and execute a non-merger deed in lieu of foreclosure in favor of Novastar. (Bankr. Doc. 129 at 5).  The Henrys further agreed that all stays shall be lifted for the purpose of allowing Novastar to record the mortgage, record the deed in lieu of foreclosure, record any other documents reasonably necessary to effectuate the settlement, and continue the pursuit of the New York Lawsuit.  (*Id.*).  The Deed in Lieu was recorded on or about November 5, 2007 and specifically provided that "[t]he within deed will not merge with the mortgage originally made by David C. Henry and Janet A. Henry and delivered to NovaStar Mortgage, Inc. dated June 28, 2004."  RJN, Exhibit 2.

On September 17, 2008, the Court entered its Chapter 13 Discharge.  (Bankr. Doc. 165).  On October 1, 2008, a judgment in favor of The Bank of New York, as Successor Trustee under NovaStar Mortgage Funding Trust 2004-3 in the New York Lawsuit ("The Bank of New York"), successor to Novastar, was entered in the New

York Lawsuit.  RJN, Exhibit 3.  The October 1, 2008 judgment decreed that The Bank of New York "is the holder of a first mortgage lien against the premises located at 131 N. Buffalo Street, Springville New York 14141 with a tax map designation of Section 335.16, Block 1, Lot 56 superior to the interest of the Defendants in the premises in the principal sum of 140,450.26."  *Id.*  The order goes on to state "said lien of Plaintiff its successors and/or assigns constitutes a valid continuing lien against the premises . . . together with any sums advanced thereon for the payment of accruing real estate taxes as well as interests on the aforesaid sum from June 28, 2004 to the extent unpaid and due."  *Id.*

The Henrys claim that the servicing of the Mortgage was transferred from Saxon to Ocwen on December 1, 2009.  Complaint ¶ 40.  The Henrys then claim they began receiving letters from Ocwen concerning the Mortgage, allegedly in violation of the Fair Debt Collection Practices Act ("FDCPA").  Complaint ¶¶ 41, 42, 44, 45-48, 54.  Plaintiffs also claim that Ocwen incorrectly reported the status of the Loan and the Mortgage to the credit reporting agencies, allegedly in violation of the Fair Credit Reporting Act ("FCRA").  Complaint ¶¶ 97-105.  As a result, Plaintiffs now bring this action alleging violations of the FDCPA and FCRA.  Plaintiffs' claims fail.

## III.    LEGAL ARGUMENT

Defendant Ocwen now moves to dismiss Plaintiff's First Amended Complaint pursuant to Fed. R. Civ. P. 12(b)(6) for failure to state a claim upon which relief may be granted.

### A.    THERE CAN BE NO FDCPA VIOLATIONS AS PLAINTIFFS FAIL TO ALLEGE THE EXISTENCE OF A "DEBT" AS DEFINED BY THE FDCPA.

The Henrys' claim for violation of the FDCPA fails as they fail to allege that Ocwen is collecting on a "debt" as defined by the FDCPA.  "A threshold requirement for application of the FDCPA is that the prohibited practices are used in an attempt to collect a 'debt.'"  Zimmerman v. HBO Affiliate Group, 834 F.2d 1163, 1167 (3d Cir.

1987).  "[T]his threshold requirement is a result of the clear language of the FDCPA, which regulates 'abusive debt collection practices.'" <u>Winter v. I.C. System Inc.</u>, 543 F.Supp. 2d 1210, 1214 (S.D. Cal. 2008) (citing 15 U.S.C. § 1692(e)).  Under the FDCPA, a debt is defined in relevant part as the "obligation or alleged obligation of a consumer to pay money."  15 U.S.C. § 1692a(5).  "This definition makes clear that the FDCPA does not apply once a consumer is no longer obligated to pay a debt."  <u>Id</u>.

Here, Plaintiffs allege they received a discharge in their bankruptcy case on September 17, 2008.  Complaint ¶ 38.  The effect of the discharge is to "eliminate the debtor's personal responsibility to pay the debt."  <u>In re Vogt</u>, 257 B.R. 65, 70 (Bankr. D. Colo. 2000).  There can be no claim for relief under the FDCPA where there is no personal obligation to pay a debt.  Accordingly, Plaintiffs' FDCPA claims fail.

In addition, the Henrys also complain that Ocwen reported to the credit bureaus that the Henrys' mortgage account was delinquent.  But, as a matter of law, reporting a discharged debt to a credit reporting agency **does not constitute debt collection**.  <u>See</u>, <u>e.g.</u>, <u>In re Mahoney</u>, 368 B.R. 579, 584 (Bankr. W.D. Tex. 2007 ("[t]he mere reporting of credit information about a debtor <i>vel non</i> is not an "act" to collect a discharged ebt.");  <u>In re Jones</u>, 367 B.R. 564, 569 (Bankr. E.D.Va. 2007) ("The reporting of a delinquent debt to a credit reporting agency is not inherently an act to collect a debt but rather to share information relevant to credit granting decisions.");  <u>In re Vogt</u>, 257 B.R. 65, 71 (Bankr. D. Colo. 2000);  <u>Irby v. Fashion Bug (In re Irby)</u>, 337 B.R. 293, 296 (Bankr. N.D. Ohio 2005).  Thus, the Henrys' FDCPA claim based on Ocwen's alleged reporting to the credit bureaus fails as a matter of law.

## B.   THE HENRYS' CLAIMS ARE PRECLUDED BY THE BANKRUPTCY CODE

The Bankruptcy Code precludes Plaintiffs' FDCPA and FCRA claims.  The Henrys' claims are solely premised on the notion that their debt was not actually owed because it had been discharged in bankruptcy.  Thus, the Henrys' claims are actually based on an alleged violation of the discharge injunction under Section 524 of the

Bankruptcy Code.  See Goad v. MCT Group, No. 09cv1321 BTM (POR), 2010 WL 1407257, at *2 (S.D. Cal. Apr. 6, 210).  "While the FDCPA's purpose is to avoid bankruptcy, if bankruptcy nevertheless occurs, the debtor's protection and remedy remain under the Bankruptcy Code." Walls v. Wells Fargo Bank, N.A., 276 F.3d 502, 510 (9th Cir. 2002) (citing Kokoszka v. Belford, 417 U.S. 642, 651, 94 S.Ct. 2431 (1974)).  The exclusive remedy for a violation of the discharge injunction "no matter how cast lies in the Bankruptcy Code." Walls, 276 F.3d at 511 (9th Cir. 2002) (dismissing a claim under the FDCPA because it was precluded by Section 524 of the Bankruptcy Code); see also In re Jones, 389 B.R. 146, 164-165 (Bankr. D. Mont. 2008) (relying on Walls in denying attorneys fees to plaintiff's FCRA claims).  Accordingly, the only potential remedy available to the Henrys is for an alleged violation of the discharge injunction.  As such, the Henrys' FDCPA and FCRA claims are precluded by the Bankruptcy Code.

## IV.   CONCLUSION

Plaintiff fails to plead facts sufficient to state any cause of action against Ocwen for which relief can be granted.  Accordingly, Ocwen's Motion to Dismiss Plaintiffs' First Amended Complaint should be granted in its entirety without leave to amend.

Dated:  June 13, 2011                    **HOUSER & ALLISON, APC**


                                         /s/ Christopher R. Blevins
                                         Robert W. Norman, Jr.
                                         Christopher R. Blevins
                                         Attorneys for Defendant,
                                         Ocwen Loan Servicing, LLC

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that on this 13th day of June, 2011, I electronically transmitted the attached document to the Clerk's Office using the CM/ECF System for filing, with a transmittal of a Notice of Electronic Filing to the following CM/ECF Registrants.

Floyd W. Bybee, Esq.
BYBEE LAW CENTER, PLC
2473 S. Higley Road, Suite 104-308
Gilbert, Arizona 85295-3023
floyd@bybeelaw.com
*Attorneys for Plaintiffs*

Jason L. Sanders, Esq.
LOCKE LORD BISSELL & LIDDELL LLP
2200 Ross Avenue, Suite 2200
Dallas, TX 75201
jsanders@lockelord.com
*Attorneys for Defendant,*
*Saxon Mortgage Incorporated*

Ginny E. Hawkinson, Esq.
STRASBURGER & PRICE LLP
2801 Netword Blvd., Suite 600
Frisco, TX 75034
ginny.hawkinson@strasburger.com
*Attorneys for Defendant,*
*TransUnion LLC*

Philip R. Wooten, Esq.
PHILIP R. WOOTEN PC
3413 E. Equestrian Trail
Phoenix, AZ 85044-3403
philip.wooten@azbar.org
*Attorneys for Defendant,*
*TransUnion LLC*

Jonathan A. Dessauel
DESSAULES LAW GROUP
2700 N. Central Avenue, Suite 1200
Phoenix, AZ 85004
jdessaules@dessauleslaw.com
*Attorneys for Defendant,*
*Experian Information Solutions*
*Incorporated*

Katherine A. Klimkowski
JONES DAY
3161 Michelson Drive, Suite 800
Irvine, CA 92612
kaklimkowski@jonesday.com
*Attorneys for Defendant,*
*Experian Information Solutions*
*Incorporated*

Michael J. Coccaro, Esq.
SNELL & WILMER LLP
1 Arizona Center
400 E. Van Buren
Phoenix, AZ 85004-2202
mcoccaro@swlaw.com
*Attorneys for Defendant,*
*Equifax Information Services LLC*

Michael D. Douglas
KING & SPALDING LLP
1180 Peachtree Street NE
Atlanta, GA 30309
mdouglas@kslaw.com
*Attorneys for Defendant,*
*Equifax Information Services LLC*

/s/  Christopher R. Blevins
Christopher R. Blevins