**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | | |
|---|---|---|
| David C. Henry; Janet A. Henry, | ) | No. CV-10-2551-PHX-JAT |
| | ) | |
| Plaintiffs, | ) | **ORDER** |
| | ) | |
| vs. | ) | |
| | ) | |
| | ) | |
| Saxon Mortgage, Inc.; | ) | |
| Ocwen Mortgage Company, LLC; | ) | |
| Trans Union, LLC; | ) | |
| Experian Information Solutions, Inc.; | ) | |
| Equifax Information Services, LLC; | ) | |
| | ) | |
| Defendants. | ) | |
| | ) | |

Pending before the Court is the Motion to Dismiss Plaintiffs' First Amended Complaint (Doc. 42) filed by Defendant Ocwen Mortgage Company ("Defendant"). Plaintiffs David and Janet Henry ("Plaintiffs") filed a timely Response on July 14, 2011. (Doc. 55.) Defendant filed a Reply on August 5, 2011. (Doc. 60.) For the reasons that follow, the Court grants in part and denies in part the Defendant's motion.

**I.    BACKGROUND**

Prior to moving to Arizona from New York, Plaintiffs owned the property located at 131 N. Buffalo St., Springfield,[1] New York (the "Property"). In June 2004, Plaintiffs refinanced the Property with a loan from Novastar Mortgage, Inc. ("Novastar"). However,

---

[1] While Plaintiffs refer to the city as Springfield, the Defendant repeatedly refers to it as Springville.

1   the mortgage was never properly recorded.  After defaulting on the loan, Plaintiffs filed for
2   Chapter 13 bankruptcy and listed the Novastar loan in their bankruptcy case as a secured
3   creditor with a lien against the property.  After it became apparent that the Novastar
4   mortgage had not been properly recorded, Plaintiffs, Novastar, and the Bankruptcy Trustee
5   reached a settlement agreement wherein Plaintiffs agreed to re-acknowledge the mortgage
6   on the Property and execute a Deed in Lieu of Foreclosure in favor of Novastar.

7        After receiving a discharge in their bankruptcy case on September 17, 2008, Plaintiffs
8   learned that Saxon, the company that was servicing the Novastar mortgage, was reporting
9   the loan to credit bureaus.  In a letter dated July 20, 2009, Plaintiffs requested that Saxon
10  cease  reporting the account. On November 16, 2009, Saxon mailed Plaintiffs a notification
11  informing them that the servicing of their mortgage was being transferred to the Defendant.
12  Soon thereafter, Defendant began sending correspondence to Plaintiffs concerning the
13  mortgage.  In response to this correspondence, Plaintiffs faxed Defendant copies of the list
14  of creditors from their bankruptcy case, one of which was Novastar, and also a copy of their
15  discharge order.  Despite Plaintiffs' efforts, Defendant attempted to collect on the mortgage.
16  As a result, Plaintiffs sent Defendant a letter requesting proof that the account that it was
17  reporting to the credit bureaus was actually owed.  Defendant responded by stating that it was
18  correctly reporting Plaintiffs' delinquency on the mortgage.

19       Plaintiffs both reviewed their credit reports and discovered that Defendant was reporting
20  the account as past due with a balance owing, and with a notation that the account was
21  included in a foreclosure proceeding.  Plaintiffs sent several letters to the major credit
22  reporting agencies disputing Defendant's alleged erroneous reporting.   As part of the
23  complaint, Plaintiffs allege that Defendant failed to act reasonably in response to such
24  disputes.

25       In their First Amended Complaint (Doc. 25), Plaintiffs claim that Defendant violated
26  several sections of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 (2011)
27  ("FDCPA"),  and the Fair Credit Reporting Act, 15 U.S.C. § 1681 (2011) ("FCRA").

28

1   **II.     LEGAL STANDARD**

2           The Court may dismiss a complaint for failure to state a claim under 12(b)(6) for two

3   reasons: (1) lack of a cognizable legal theory, or 2) insufficient facts alleged under a

4   cognizable legal theory. *Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir.

5   1990).  To survive a 12(b)(6) motion for failure to state a claim, a complaint must meet the

6   requirements of Federal Rule of Civil Procedure 8(a)(2).  Although a complaint attacked for

7   failure to state a claim does not need detailed factual allegations, the pleader's obligation to

8   provide the grounds for relief requires "more than labels and conclusions, and a formulaic

9   recitation of the elements of a cause of action will not do." *Bell Atl. Corp. v. Twombly*, 550

10  U.S. 544, 555 (2007) (citing *Papasan v. Allain*, 478 U.S. 265, 286 (1986) (internal citations

11  omitted)).

12          Rule 8's pleading standard demands more than "an unadorned, the-defendant-

13  unlawfully-harmed-me accusation." *Ashcroft v. Iqbal*, 556 U.S. 662, ___, 129 S. Ct. 1937,

14  1949 (2009) (citing *Twombly*, 550 U.S. at 555).  A complaint that offers nothing more than

15  naked assertions will not suffice.  To survive a motion to dismiss, a complaint must contain

16  sufficient factual matter, which, if accepted as true, states a claim to relief that is "plausible

17  on its face." *Id.*  Facial plausibility exists if the pleader pleads factual content that allows the

18  Court to draw the reasonable inference that the defendant is liable for the misconduct alleged.

19  *Id.*  Plausibility does not equal "probability," but plausibility requires more than a sheer

20  possibility that a defendant has acted unlawfully. *Id.*  "Where a complaint pleads facts that

21  are 'merely consistent' with a defendant's liability, it 'stops short of the line between

22  possibility and plausibility of entitlement to relief.'" *Id.* (citing *Twombly*, 550 U.S. at 557).

23          In deciding a motion to dismiss under Rule 12(b)(6), the Court must construe the facts

24  alleged in the complaint in the light most favorable to the drafter of the complaint and the

25  Court must accept all well-pleaded factual allegations as true. *See Shwarz v. United States*,

26  234 F.3d 428, 435 (9th Cir. 2000).  Nonetheless, the Court does not have to accept as true

27  a legal conclusion couched as a factual allegation. *Papasan*, 478 U.S. at 286.

28

1   **III.   ANALYSIS**

2       **A.   Bankruptcy Code Preclusion of Plaintiffs' FDCPA Claims**

3       Defendant correctly asserts that a plaintiff's FDCPA claims are precluded by the

4   Bankruptcy Code when they "necessarily entail bankruptcy-laden determinations." *See*

5   *Walls v. Wells Fargo Bank*, 276 F.3d 502, 510 (9th Cir. 2002).  The court in *Walls* held that

6   a claim under § 1692f of the FDCPA could not be made because it turned on whether § 524

7   of the Bankruptcy Code was violated.  *Id.*  Applying *Walls*, a California District court held

8   that in addition to § 1692f, claims under § 1692e(5) and e(8) were also precluded by the

9   Bankruptcy Code.  *Gusman v. Modern Adjustment Bureau*, No. CV11-007 ABC (JCGx),

10  2011 WL 2580358, at *2 (C.D. Cal. June 29, 2011).  Although not binding on this Court,

11  *Gusman* illustrates the breadth of the Bankruptcy Code's preclusion of FDCPA claims.

12      In addition to § 1692e(8), Plaintiffs have made FDCPA claims under § 1692e, e(2)(A),

13  and e(10).  As is apparent from the title of the section,[2] all claims under § 1692e and its

14  subsections deal with false or misleading representations.  As with the subsections of § 1692e

15  that the *Gusman* court dealt with, because the status of the debt must first be determined in

16  order to arrive at a conclusion of any alleged misrepresentations,  analysis of a claim under

17  any part § 1692e requires bankruptcy determinations and is therefore precluded by the

18  Bankruptcy Code.

19      Finally, Plaintiffs claim that Defendant violated § 1692g.  This section is entitled

20  "Validation of debts."  As with § 1692e, § 1692g of the FDCPA depends on whether there

21  is a valid debt to be collected.  In order to make such a determination, the Plaintiffs'

22  bankruptcy discharge must be analyzed.  The Ninth Circuit has held that when a bankruptcy

23  occurs, the debtor's remedy is under the Bankruptcy Code.  *Walls*, 276 F.3d at 510.  The

24  court also concluded that a plaintiff's "remedy for violation of § 524 no matter how cast lies

25  in the Bankruptcy Code."  *Id.* at 511.  Therefore, Plaintiffs' claims under § 1692g of the

26  FDCPA are also precluded by the Bankruptcy Code.

27  ───────────────────

28      [2]  The title of § 1692e is "False or misleading representations."

1   Plaintiffs contend that their FDCPA claims are not precluded by the Bankruptcy Code

2   because the debt was released prior to the bankruptcy discharge.  However, Plaintiffs have

3   acknowledged that the Deed in Lieu of Foreclosure was part of their Chapter 13 bankruptcy

4   proceedings.  (Doc. 55 at 9; Doc. 25 at 8.)  The Court therefore finds the resolution of that

5   debt was part of the bankruptcy proceeding.  Accordingly, Defendant's motion to dismiss

6   Plaintiffs' FDCPA claims is granted.[3]

7   **B. Bankruptcy Code Preclusion of Plaintiffs' FCRA Claim**

8   Defendant next asserts that Plaintiffs' FCRA claim is precluded by the Bankruptcy

9   Code.  Defendant's only contention is that Plaintiffs' action is precluded simply because their

10  sole remedy lies under the Bankruptcy Code.  This argument is unpersuasive.

11  Although the Ninth Circuit has not addressed whether *Walls* applies to FCRA claims,

12  this issue has been addressed in the District of Oregon.  *See Wakefield v. Calvary Portfolio*

13  *Servs.*, No. 06-CV-1066-BR, 2006 WL 3169517, at *2 (D. Or. Nov. 1, 2006).  In *Wakefield*,

14  the court held that the Bankruptcy Code does not preclude an FCRA claim.  *Id.*  The court

15  cited two bankruptcy court decisions in support of its conclusion.  *See In re Miller*, No. 01-

16  02004, 2003 WL 25273851, at *2 (Bankr. D. Idaho Aug. 15, 2003) (holding that "there

17  appears to be no conflict in remedies between the FCRA and the [Bankruptcy] Code"); *In*

18  *re Pots*, 336 B.R. 731, 733 (Bankr. E.D. Va. 2005) (holding that the FCRA and the

19  Bankruptcy Code "co-exist").  Therefore, although the Defendant correctly asserts that the

20  above cases are not binding authority, they are persuasive nonetheless and present

21  conclusions that logically follow the purpose of the FCRA.  For example, the court in *In re*

22  *Pots* held that there are two reasons why the Bankruptcy Code and the FCRA can co-exist.

23      First, while the FCRA and the discharge stay are similar, they are not identical.
        They differ in their objectives.  The FCRA seeks to minimize credit reporting

24

25  _____

26  [3]   In its Motion to Dismiss, Defendant introduced two additional reasons why
    Plaintiffs' FDCPA claims fail.  Those are: (1) Plaintiffs failed to allege the existence of a
27  debt as defined by the FDCPA, and (2) reporting a discharged debt to a credit reporting
    agency does not constitute debt collection.  It is unnecessary to rule on these two issues as
28  the Court finds that Plaintiffs' FDCPA claims are precluded by the Bankruptcy Code.

errors and to cure those that are made in a prompt and efficient manner. Actions under it generally involve mistakes. The discharge stay is directed to enforcing the bankruptcy discharge. Actions under it generally involve intentional acts. The elements that must be proved under each statute may overlap, but they are not identical. The remedies available, while similar, may differ. Second, there is no express provision in either the Fair Credit Reporting Act or the Bankruptcy Code that either supercedes the other.

*Id.* These reasons are sufficient to support a finding that the Bankruptcy Code does not preclude an FCRA claim. Furthermore, Defendant has failed to provide any support whatsoever for its position. Accordingly, Defendant's motion to dismiss Plaintiffs' FCRA claim is denied.

## IV. CONCLUSION

For the reasons set forth above, the Court concludes that: (1) Plaintiffs' FDCPA claims against Defendant are precluded by the Bankruptcy Code, and (2) Plaintiffs' FCRA claim is not precluded by the Bankruptcy Code.

Accordingly,

**IT IS HEREBY ORDERED** that Defendant's Motion to Dismiss Plaintiffs' First Amended Complaint (Doc. 42) is **GRANTED** in part with respect to Plaintiffs' FDCPA claims, and **DENIED** in part with respect to Plaintiffs' FCRA claim.

DATED this 7th day of November, 2011.

James A. Teilborg
United States District Judge